UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-13, AHAB ELMADHOUN,

    Defendant.
_____/

Criminal No. 2:11-cr-20551

Honorable Robert H. Cleland

# PRELIMINARY ORDER OF FORFEITURE

WHEREAS, a Second Superseding Indictment was filed on or around March 20, 2013, charging Defendant AHAB ELMADHOUN with violations of 21 U.S.C. §§ 841(a)(1), 846 (Count One, Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances), 18 U.S.C. §§ 1347, 1349 (Count Two, Health Care Fraud Conspiracy) and 18 U.S.C. § 1957 (Counts Three through Five, Monetary Transactions in Property Derived from Specified Unlawful Activity (Money Laundering)).

WHEREAS, the Second Superseding Indictment sought criminal forfeiture of all property involved in Defendant's violations, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982(a)(1), together with 28 U.S.C. § 2461(c).

WHEREAS, on or about July 16, 2014, Defendant pleaded guilty to Counts One and Four of the Second Superseding Indictment. As part of the Rule 11 Plea Agreement, Defendant agreed, pursuant to 21 U.S.C. § 853(a) to forfeit any interest he may have in the following property (hereinafter referred to as the "Subject Property"):

- All Funds on Deposit at Chase Bank Brokerage Account No. 93562063 Valued at Approximately Two Hundred Ninety Thousand Six Hundred Eighty Four Dollars and Eighty-Three Cents ($290,684.83);

- Fifty Thousand Dollars ($50,000) In Lieu of the Forfeiture of Real Property Located at 2642 The Crossings, Canton, Michigan;

as property constituting or derived from any proceeds obtained directly or indirectly as a result of his violation of Count one of the Second Superseding Indictment, and/or as property used or intended to be used in any manner or part to commit or to facilitate the commission of the violation of Count One of the Second Superseding Indictment.

NOW, THEREFORE, based upon the Second Superseding Indictment, the Rule 11 Plea Agreement, Defendant's conviction, and other information in the record

IT IS HEREBY ORDERED that any and all interest of Defendant AHAB ELMADHOUN in:

    a. **All Funds on Deposit at Chase Bank Brokerage Account No. 93562063; and**

    b. **Fifty Thousand Dollars ($50,000) In Lieu of the Forfeiture of Real Property Located at 2642 The Crossings, Canton, Michigan;**

IS HEREBY FORFEITED to the United States of America for disposition according to law, and any right, title or interest of Defendant AHAB ELMADHOUN, and any right, title or interest that his heirs, successors or assigns, have or may have in the Subject Property IS HEREBY AND FOREVER EXTINGUISHED.

    IT IS FURTHER ORDERED that a forfeiture money judgment in the amount of **Two Million Dollars ($2,000,000)** is entered against Defendant AHAB ELMADHOUN in favor of the United States. Defendant shall be jointly and severally liable for the forfeiture money judgment, up to the amount of $2,000,000, with all other defendants found guilty of violating Count One of the Second Superseding Indictment. The forfeiture money judgment against the defendant will be reduced by the net proceeds realized by the United States from the forfeiture of All Funds On Deposit at Chase Bank Brokerage Account No. 93562063 and Fifty Thousand Dollars ($50,000) in Lieu of the Forfeiture of Real Property Located at 2642 The Crossings, Canton, Michigan (collectively, "Subject Property"). No portion of the Subject Property shall be utilized to pay any current or future tax obligations of the Defendant.

However, the forfeiture money judgment against the defendant will not be reduced by the forfeiture of specified property seized and identified for forfeiture in the Forfeiture Bill of Particulars filed by the government on March 22, 2013 (Dkt. #308).

IT IS FURTHER ORDERED that the money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant.  To satisfy the money judgment, any assets that the defendant has now, or may later acquire, except for the Real Property Located at 2642 The Crossings, Canton, Michigan or proceeds from the sale of 2642 The Crossings, may be forfeited as substitute assets under 21 U.S.C. § 853(p)(2).

IT IS FURTHER ORDERED that upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.  Pursuant to 21 U.S.C. § 853(n), Federal Rule of Criminal Procedure 32.2(b)(6) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish on www.forfeiture.gov notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct.

The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. Said notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in any claimed Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in any identified Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in any identified Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

IT IS FURTHER ORDERED that the United States is hereby authorized, pursuant to Federal Rule of Criminal Procedure 32.2(c), to conduct discovery in any ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

IT IS FURTHER ORDERED THAT pursuant to Federal Rule of Criminal

Procedure 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to Defendant AHAB ELMADHOUN at the time of his sentencing and forfeiture of the Subject Property shall be made part of the defendant's sentence in this case and included in the Judgment. If: (1) no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), or (2) any third party petitions are disposed of or adjudicated in favor of the United States, then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

IT IS FURTHER ORDERED THAT after this order becomes the Final Order of Forfeiture; the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law.

IT IS FURTHER ORDERED THAT the Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

************************************************************************

**IT IS SO ORDERED.**


Dated: August 21, 2015

    s/Robert H. Cleland
    HONORABLE ROBERT H. CLELAND
    United States District Judge